JANUARY TERM, 1882, No. 191.         MARCH 23D, 1882.

## Duffee *versus* Records.

    1. The sheriff made return to a writ of attachment, under the Act of March 17th, 1869, P. L., p. 8, as follows: "Attached as within commanded and made known to Tradesmen's National Bank (the garnishee), by giving . . . . a true and attested copy of the within writ to John Castner, cashier of said bank, and making known to him the contents thereof; . . . . and by giving . . . . a like copy to E. J. Records, defendant, and making known to him the contents thereof." Judgment was afterward entered against the defendant. At the time of the service there was a sum of money in the hands of the garnishee belonging to the defendant, which had been deposited as a usual bank deposit, and had been mingled with the other funds of the bank. *Held*, that the attachment was duly served, regularly returned, and that its lien therefore attached.

    2. The subsequent irregularity of not serving a copy of the inventory on the defendant could only be taken advantage of by the defendant, and cannot avail a subsequent attaching creditor.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUN-KEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas, No. 2, for *Philadelphia County.*

Case stated, in which Francis H. Duffee was plaintiff, E. J. Records defendant, and the Tradesmen's National Bank garnishee. It was subsequently modified by making J. B. Lippincott a party.

The facts agreed upon in the case stated were as follows:

The plaintiff, Duffee, November 18th, 1878, obtained a verdict against the defendant, Records, for $1764.07, on which judgment was subsequently entered. On the 1st of March, 1881, he issued an attachment *sur* judgment, in which the Tradesmen's National Bank was summoned as garnishee, returnable to the first Monday of March then instant. This attachment was duly and in proper form, upon the same day, served on the garnishee, and a proper return of the service was made by the sheriff. At the time of the service of this attachment, there was the sum of $2300 in cash in the hands of the garnishee, belonging to the defendant. A plea of *nulla bona* was filed by the garnishee.

On the 21st of February, 1881, J. B. Lippincott issued an attachment, under the Act of March 17th, 1869, entitled "An act relative to fraudulent debtors," out of Court of Common Pleas, No. 2, for Philadelphia County, in which E. J. Records was defendant, and summoning, *inter alia*, the Tradesmen's National Bank as garnishee.   This attachment was returnable the first Monday of the succeeding March, and the sheriff made return as follows:

"Attached as within commanded and made known to Tradesmen's National Bank, by giving, February 21st, 1881, at 10 o'clock and 30 minutes A.M., a true and attested copy of the within writ to John Castner, cashier of said bank, and making known to him the contents thereof; also Fidelity Trust and Safe Deposit Company, by giving, February 25th, 1881, at 10 o'clock and 42 minutes P.M., a like copy to John B. Gest, vice-president of said company, and making known to him the contents thereof; also Fire Association, by giving, February 28th, 1881, at 11 o'clock and 35 minutes A.M., a like copy to A. Loudon Snowden, president of said association, and making known to him the contents thereof; and by giving,. March 3d, 1881, at 12 o'clock and 15 minutes P.M., a like copy to E. J. Records, defendant, and making known to him the contents thereof."

At the time of the service of this attachment, the sum of $2300, before mentioned, was in the hands of the garnishee. This money had been previously deposited as a usual bank deposit, and was mingled with its other funds.   On the 28th day of March, 1881, judgment was entered in this attachment against the defendant for want of an affidavit of defence, and the damages were assessed at $12,094.12.

The Court entered judgment for the garnishee on the case stated.

The plaintiff then took out a writ of error, assigning as errors the entry of judgment for the garnishee, and the refusal to enter judgment for the plaintiff for the sum of $1764.07.


*Alex. Simpson, Jr.*, for plaintiff in error.

There is but one question for decision, and that is, whether or not the writ of attachment, under the Act of 1869, was properly served and returned so as to obtain a prior claim upon the fund as against the attachment *sur* judgment.

The subsequent attaching creditor may contest the right of the plaintiff under a prior writ as to his lien: Reed's Appeal, 21 P. F. Smith, 378.

Proceedings under the Act of 1869 are like those in foreign

[Duffee v. Records.]

attachment: Cornman's Appeal, 9 Norris, 256; Brenner v. Moyer, 10 W. N. C., 565.

The legislature has laid great stress upon the delivery of an inventory of the property or thing attached, for they require it in every contingency provided for in the act. But, in this case, no inventory was either made or delivered, though, as appears by the return, the defendant was found within the county. Hence, the service and return was fatally defective, and no lien was acquired upon the fund in the hands of the bank, though the judgment against the defendant, under section 4 of the act,—McCallum v. Hodder, 2 W. N. C., 185; Sharpless v. Ziegler, 11 Norris, 467; Brenner v. Moyer, 10 W. N. C., 565,—may be valid.

In New York, in the case of similar attachments to this, under section 235 of the code, which requires that a notice showing what is attached should be left with the garnishee, it has always been held that such notice is requisite, though the thing attached be money in bank, or a chose in action: Orser v. Grossman, 4 E. D. Smith, 443; Kuhlman v. Orser, 5 Duer, 242; Wilson v. Duncan, 11 Abb. Pr., 3; Harman v. Remsen, 2 Abb. (N. S.), 272; Wood v. Orser, 25 N. Y., 353; otherwise no lien was acquired by the attachment.

The sheriff returns "attached as within commanded and made known to Tradesmen's National Bank, by giving, February 21st, 1881, at 10 o'clock and 30 minutes P.M., a true and attested copy of the within writ to John Castner, cashier of said bank, and making known to him the contents thereof," etc.

It is not a sufficient return to simply return "attached," but the sheriff should have returned what he did, and the Court would then have decided whether he really did attach. This is required by the very wording of the writ: Drake on Attachment, sec. 205; Wistar v. The City, 5 Norris, 218; Page v. Generes, 6 La. An., 551; Nichols v. Patten, 18 Maine, 231.

Besides this, both the act and the writ require that the sheriff shall summon the parties in whose hands money, etc., is found, as garnishees, yet no such thing has been done here: Crizer v. Gorren, 41 Miss., 563. He simply attaches and makes known. Makes known what? Why, evidently that he has attached. He does not summon any one; he mentions no garnishees. He is not required to "make known" as in the ordinary attachment sur judgment, but he is required to attach and summon the garnishees, and return how he executed the writ. None of these essentials have been complied with: Kittredge v. Emerson, 15 N. H., 239; Crizer v. Gorren, 41 Miss., 563.

[Duffee *v.* Records.]

*John G. Johnson,* for the garnishee and J. B. Lippincott, defendants in error.

1. The *rem* attached in this case was a bank deposit, the amount of which was not, and could not be, known to the plaintiff or to the sheriff until after the return day of the writ. It was therefore impossible to serve the defendant with an inventory of what was necessarily unknown. The act provides no machinery for ascertaining, in advance, the nature and character of the thing attached, where it is a debt due, a deposit, or the like. To require what is claimed by the plaintiff in error to be necessary will render it almost impossible to attach choses in action.

The inventory was intended to be required only where goods and chattels were attached, which, being visible, were capable of being inventoried simultaneously with the seizure. It was to be an "inventory of the property or other thing attached." In this case there was no *thing* attached. The right in action was in the hands of a corporation, not the party defendant. The bank, in whose hands it was found, was summoned as garnishee, and there was no actual seizure. An inventory is defined by Worcester to be "an account or catalogue of goods or movables;" . . . . "a list or schedule in writing, of the goods, chattels, and credits (sometimes of the real estate), of a testator, or intestate, made by an executor or administrator."

2. The act fixes no time for service upon the defendant of the inventory. It certainly, if it requires an inventory in a case like the present, does not mean that it shall be furnished in advance of the time at which the information necessary to make it can be obtained. There can be no necessity, therefore, for the service until after such obtaining, namely, after the filing by the garnishees of the answers communicating what is necessary to be known, which answers do not appear to have been filed anterior to the decision of this case in the Court below.

3. The act does not require that the sheriff shall return the inventory to the Court, nor the fact of his service of the same. He may have made the service for aught that appears. His return states all that is required, viz., the service of the writ, and the manner of such service. This is all he was required to return.

4. The proceedings under the Act of 1869 are twofold: First, the attachment of a *rem,* and, secondly, a service of process upon the defendant. The *rem* in this case was attached in accordance with the requirements of the act, and the lien of the creditors thereon was complete. After this was done, neither the garnishee, nor any subsequent creditor,

[Howard's Appeal.]

had a right to contest the lien thus obtained. Even though we concede that the service of the process upon the defendant involved a service of both inventory and writ, it was for him alone to object to any defect in such service which was independent of the attachment and not a part thereof. Service of the inventory was for the defendant's benefit only, and not for that of the garnishee. Even if he had a right to object to the manner of the service, he did not do it in the present case, and judgment was entered against him, which concludes himself and everybody else, and renders it impossible to question collaterally its validity or that of the steps which led up to it.

APRIL 3D, 1882.—PER CURIAM: The attachment, under the Act of March 17th, 1869, was duly served, and regularly returned. The lien of it, therefore, attached, and the subsequent irregularity of not serving a copy of the inventory on the defendant could only be taken advantage of by the defendant, and cannot avail a subsequent attaching creditor.

Judgment affirmed.